R. L. GOODMON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Goodmon v. Commissioner
Docket No. 22798-86.
United States Tax Court
T.C. Memo 1988-44; 1988 Tax Ct. Memo LEXIS 50; 55 T.C.M. (CCH) 65; T.C.M. (RIA) 88044; February 10, 1988. R. L. Goodmon, pro se. J. Scot Simpson, for the respondent. SWIFT
MEMORANDUM OPINION SWIFT, Judge: This matter is before the Court on respondent's motion to dismiss for lack of prosecution. Respondent determined deficiencies in petitioner R. L. Goodmon's Federal income tax and additions to tax for the years and in the amounts set forth below: Additions to Tax, I.R.C. Secs. [1]
Year
Deficiency
6653(b)
6653(b)(1)
6654
6661
1980
$ 6,566.03
$ 3,283.02
$  --    $ 416.92
$ --   1981
6,143.99
3,071.50
$  --    471.67
--   1982
7,830.00
--   3,915.00
650.55
783.00
1983
7,997.00
--   3,998.50
486.06
799.70
Respondent also *52 determined additions to tax for 1982 and 1983 under section 6653(b)(2). In addition, respondent now argues that petitioner's lawsuit is frivolous and that damages should be awarded to the United States against petitioner under section 6673. At the time petitioner filed his petition in this case, he resided in Lakeland, Florida. On November 23, 1987, petitioner submitted to the Court documents indicating, among other things, that his wages did not constitute taxable income and that he no longer would pursue this lawsuit because of his status as a "nontaxpayer." This case was called for trial at Tampa, Florida, on January 11, 1988, but neither petitioner nor anyone on his behalf appeared at the trial. With regard to the tax deficiencies and additions to tax under sections 6654 and 6661, petitioner has the burden of proof. Rule 142(a); . In light of petitioner's failure to appear at the trial and to participate in any meaningful way in the resolution of this case, respondent's motion to dismiss is granted as to the tax deficiencies and the additions to tax under sections 6654 and 6661.[2], *53 affd. ; Rule 149(b). *54 With regard to the additions to tax for fraud under section 6653(b), respondent has the burden of proof. Sec. 7454(a); Rule 142(b); . Respondent submits that his request for admissions served upon petitioner combined with petitioner's failure to respond thereto establish the facts necessary to satisfy respondent's burden of proof with respect to the additions to tax under section 6653(b). See Rule 90(c). We agree. The relevant facts established by respondent's request for admissions are as follows: In 1980, 1981, 1982, and 1983, petitioner was employed by Seaboard Coastline Railroad Co. (Seaboard Coastline) and received wages in the respective amounts of $ 24,291.47, $ 23,567.75, $ 28,669.23, and $ 30,959.15. Petitioner timely received Forms W-2 from Seaboard Coastline reflecting the wages he earned in each of those years. Petitioner filed no Federal income tax returns for 1980, 1981, 1982, and 1983. On July 31, 1979, petitioner filed with Seaboard Coastline a Form W-4 on which he claimed 26 withholding allowances. In respondent's examination of petitioner's Federal income tax liabilities, petitioner did not cooperate *55 with respondent's representatives, and petitioner asserted frivolous "tax-protestor" arguments to impede respondent's examination. The above factors demonstrate petitioner's willful intent to evade the payment of Federal income taxes for 1980, 1981, 1982, and 1983. . Respondent has satisfied his burden of proof with respect to the additions to tax under section 6653(b) for each of the years in issue, and petitioner's failure to submit any contrary evidence with regard thereto provides the basis for granting respondent's motion to dismiss as to these additions to tax. Respondent's motion to dismiss therefore will be granted as to all determinations set forth in respondent's notice of deficiency. With regard to respondent's motion for damages under section 6673, we note petitioner's failure to appear at the trial and the frivolous arguments he continues to make. We also note the prior litigation in this Court and in the Eleventh Circuit by petitioner concerning his Federal income tax liability for 1979. Goodman v. Commissioner, an order of this Court, affd. . *56 In that litigation, the same arguments petitioner makes in this case were rejected, and the addition to tax under section 6653(b) was sustained against petitioner on facts similar to those presented in this case. In spite of that adverse precedent, petitioner continued to maintain this case. While we are normally reluctant to impose section 6673 damages in fraud cases, the record in this case establishes that petitioner has had no good faith interest in disputing either the tax deficiencies or the additions to tax determined by respondent. The positions set forth by petitioner are without merit. Petitioner's primary purpose in instituting and maintaining this proceeding was for delay. For the reasons set forth above, we award damages to the United States against petitioner in the amount of $ 1,000. An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as in effect during the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. At the time of the notice of deficiency in which respondent determined the sec. 6661(a) additions to tax against petitioner, the sec. 6661(a) addition to tax was equal to 10 percent of the underpayment attributable to a substantial understatement. Sec. 6661(a) has twice been amended since then. The Tax Reform Act of 1986, Pub. L. 99-514, sec. 1504(a), 100 Stat. 2085, 2743, increased the sec. 6661(a) addition to tax to 20 percent of the underpayment attributable to a substantial understatement for returns the due date of which, determined without regard to extensions, is after December 31, 1986. The Omnibus Reconciliation Act of 1986, Pub. L. 99-509, sec. 8002(a), 100 25 percent of the underpayment attributable to a substantial understatement for additions to tax assessed after October 21, 1986. Respondent has not amended his answer to seek an increase to the sec. 6661(a) addition to tax over the amount determined in the notice of deficiency. Accordingly, we express no opinion at this time as to the effect of either of the above-referenced acts on sec. 6661(a). We merely sustain respondent's determination of sec. 6661(a) additions to tax equal to 10 percent of the underpayment attributable to the substantial understatements. ↩